UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID J. CARVALHO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)    25-cv-11829-IT<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

January 21, 2026

Talwani, D. J.

On July 2, 2025, Plaintiff David Carvalho, proceeding pro se, filed a civil complaint [Doc. No. 1] and a motion for leave to proceed in forma pauperis [Doc. No. 2]. The case was assigned to a Magistrate Judge, who granted Carvalho's motion for leave to proceed without payment of fees. Mem. & Order 1 [Doc. No. 9]. Because Carvalho was proceeding without prepayment of the filing, the Magistrate Judge conducted a preliminary review of his complaint. Id. at 1–2 (citing 28 U.S.C. § 1915(e)(2)).

As the Magistrate Judge explained, Carvalho's Complaint [Doc. No. 1] named ten Defendants: Commonwealth of Massachusetts; City of New Bedford; New Bedford Police Department; Health Resources in Action Hospital ("HRI"); New Bedford Police Officers Scott DeCosta and Antone Pauline; Joseph Demertin, M.D.; Blake An-Ansari, Social Worker; Jacob Matthew, Psychiatrist; and Maura Healey, Former Attorney General of the Commonwealth of Massachusetts. Mem. & Order at 2 [Doc. No. 9]. The Magistrate Judge recounted the factual allegations of the Complaint [Doc. No. 1]:

Although the allegations in the complaint are not always clear, it appears that the

pleading concerns the following: (1) on July 15, 2022, Carvalho was wrongfully stopped from protesting and raising awareness of an "attempted murder and 3,000 check fraud against [him]" while on a 10–15 foot radio tower (with a safety harness) in violation of the First Amendment [Doc. No. 1-1 at 3]; (2) Carvalho voluntarily went to the hospital after this incident, where Officer Pauline falsely told hospital employees that Carvalho had a "suicide intent" [id.]; (3) staff at the hospital "disagreed" with Carvalho's story, threatened him, and forced him to take medication [id. at 3–4]; (4) Carvalho was transferred to HRI, where he was wrongfully held, contracted COVID, and was never able to meet with Dr. Matthew, Dr. Joseph, or An-Ansari [id. at 4]; and (5) when Carvalho went to the New Bedford Police Station on August 12, 2022[,] to file criminal charges, Officer DeCosta refused to take a report [id. at 5].

Mem. & Order 2–3 [Doc. No. 9]. The Complaint asserted that the Defendants' actions violated Carvalho's rights under the First, Fourth, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments to the United States Constitution. Compl. 3–4 [Doc. No. 1].

As the Magistrate Judge explained, "to state a claim upon which relief may be granted, a complaint must contain a 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Mem. & Order at 3 [Doc. No. 9] (quoting Fed. R. Civ. P. 8(a)(2)). The Magistrate Judge detailed the purpose of this requirement and then explained why the pleading failed to meet this standard. See id. at 3–6. The Magistrate Judge directed Carvalho to file an amended complaint by October 25, 2025, that cured these deficiencies. Id. at 6. To date, Carvalho has failed to file an amended complaint.

Instead, on October 15, 2025, Carvalho filed an Opposition to Defendants Motion to Dismiss [Doc. No. 11], even though Defendants have not yet been served, have not appeared, and have not filed a motion to dismiss in this case. Construing Carvalho's filing as a response to the September 10, 2025 Memorandum and Order [Doc. No. 9], the Magistrate Judge explained that Carvalho's response failed to cure the pleading deficiencies and recommended that this action be dismissed. R. & R. at 2, 5–6 [Doc. No. 13].

Plaintiff has now filed an Objection [Doc. No. 16] to the recommended dismissal. But none of Carvalho's arguments meet the pleading deficiencies first identified by the Magistrate Judge in

2

her September 2025 Memorandum and Order [Doc. No. 9]. First, Plaintiff asserts that his "protest on the tower was . . . a form of speech and assembly, and the government's restriction was not reasonable." Obj. ¶ 1 [Doc. No. 16]. But as the Magistrate Judge explained,

> "[T]he 'guarantees of the First Amendment have never meant that people who want to propagandize protests or views have a constitutional right to do so whenever and however and wherever they please.'" U.S. Postal Serv. v. Council of Greenburgh Civic Ass'ns, 453 U.S. 114, 133 (1981) (quoting Greer v. Spock, 424 U.S. 828, 836 (1976)). "[T]he State, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated." Id. (alteration in original) (quoting Greer v. Spock, 424 U.S. 828, 836 (1976)). Where, as here, the speech in question did not occur in a traditional or designated place for assembly and debate, the government's decision to restrict access to that location "need only be reasonable." Del Gallo v. Parent, 557 F.3d 58, 73 (1st Cir. 2009) (emphasis in original) (quoting Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 808 (1985)). Prohibiting a citizen from protesting on a radio tower appears reasonable. Carvalho's complaint does not provide a basis to conclude otherwise. Further, under the alleged circumstances, it would have been reasonable for law enforcement to remove Carvalho from the radio tower out of concern for his safety, even though Carvalho felt safe in a harness. See United States v. Sok, 115 F.4th 251, 265 (3d Cir. 2024) ("Th[e] community caretaking doctrine . . . is an exception to the warrant requirement of the Fourth Amendment and allows police with a non-law enforcement purpose to seize or search a person or property in order to ensure the safety of the public and/or the individual, regardless of any suspected criminal activity." (alterations in original) (quoting Vargas v. City of Philadelphia, 783 F.3d 962, 971 (3d Cir. 2015))).

Mem. & Order at 4–5 [Doc. No. 9].

Plaintiff asserts next that his confinement in the hospital without a warrant, probable cause, or due process violated the 4th and 14th Amendments. Obj. ¶ 2 [Doc. No. 16]. But as the Magistrate Judge explained,

> Carvalho's claim that his confinement at HRI was unlawful fails to state a claim because it is entirely conclusory. Involuntary hospitalization is permitted under Massachusetts law, provided that it complies with state law, see M.G.L. ch. 123, and federal constitutional protections.

Mem. & Order at 5 [Doc. No. 9]. Carvalho has not identified facts to suggest that his involuntary hospitalization did not comply with those requirements.

Carvalho objects next that he was threatened with forced medication in violation of his 8th

3

Amendment rights. Obj. ¶ 3 [Doc. No. 16]. But as the Magistrate Judge explained,

> Officer Pauline's alleged statement to hospital employees that Carvalho had a "suicide intent," even if untrue, did not violate Carvalho's constitutional rights, especially where hospital staff were able to speak to Carvalho and make their own assessment of his mental state. Carvalho's claim that he was threatened at the hospital and forcefully medicated does not state a claim for relief because he does not allege that any of the defendants engaged in this misconduct.

Mem. & Order at 5 [Doc. No. 9]. Carvalho's Objection [Doc. No. 16] fails to explain how the Complaint [Doc. No. 1] has alleged that the Defendants sued here engaged in misconduct.

Finally, Carvalho objects to the Magistrate Judge's report that Carvalho's claims were conclusory and devoid of factual allegations, arguing specifically that his claims against Officer DeCosta included factual allegations. Obj. ¶ 4 [Doc. No. 16]. But even though some factual allegations were included (and detailed by the Magistrate Judge), the claim remains conclusory. Again, as the Magistrate Judge explained:

> A private citizen "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction." Rossi v. City of Chicago, 790 F.3d 729, 735 (7th Cir. 2015). In addition, a private citizen does not have a constitutional right to effect the criminal prosecution or incarceration of another individual. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

Mem. & Order at 5–6 [Doc. No. 9]. Accordingly, Carvalho has failed to state a claim upon which relief may be granted and his complaint is subject to dismissal.

In sum, on review of Carvalho's objections, and a *de novo* review of Carvalho's Complaint [Doc. No. 1], the court adopts the Magistrate Judge's recommendation, and DISMISSES this action pursuant to 28 U.S.C. § 1915(e)(2)((B)(ii) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED

January 21, 2026                    /s/ Indira Talwani
                                    United States District Judge